[Civ. No. 143.      Second Appellate District.—February 12, 1906.]

JOHN HEINLEN COMPANY, Appellant, v. R. R. CADWELL, Respondent.

JUDGMENT—JUSTICE'S COURT—STATUTE OF LIMITATIONS—ACTION AFTER EXPIRATION OF FIVE YEARS.—An independent action in the superior court on money judgments rendered in a justice's court is barred, under section 336 of the Code of Civil Procedure, upon the expiration of five years after their entry. The authority given by section 685 of that code—conceding it to apply to the judgments of justice's court—of extending the time for the issuance of an execution, is restricted to the court and to the original action in which the judgment was rendered.

APPEAL from a judgment of the Superior Court of Kings County.    M. L. Short, Judge.

The facts are stated in the opinion of the court.

Robert W. Miller, and F. J. Walker, for Appellant.

H. P. Brown, for Respondent.

ALLEN, J.—Action in the superior court upon two certain judgments rendered by a justice of the peace more than five years before the commencement of the action.    Demurrer to complaint sustained, without leave to amend.    Judgment in favor of defendant, from which plaintiff appeals.

The complaint filed March 21, 1905, sets out the rendition and entry of two certain judgments by a justice of the peace in favor of one John Heinlen and against the defendant; in one case for $266.85, principal debt, $205.47 interest, and $32.50 attorney's fees and costs; in the other for $266.80 principal debt, $119.83 interest, and $33.50 attorney's fees and costs; which judgments were rendered in July, 1899.    The nonpayment thereof is alleged, and plaintiff prays for the enforcement of such judgments by execution and judgment thereon in favor of the plaintiff for the aggregate amount thereof.    The demurrer to the complaint was general, and upon the ground that the complaint upon its face disclosed that both of said judgments were barred by the provisions of section 336 of the Code of Civil Procedure.

Appellant insists that the ruling of the court sustaining such demurrer was erroneous; that section 685 of the Code of Civil Procedure, which provides that "in all cases the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court, upon motion, or by judgment .for that purpose, founded upon supplemental pleadings," is, in effect, declaring a different limitation than that prescribed in section 336 of the Code of Civil Procedure, which last-named section limits the time for commencement of actions upon judgments to five years after their entry.    In our opinion, this is not the effect of section 685.    It does not purport to affect the limitation in relation to independent actions upon judgments; it simply extends the time within which the court having juris-

3 Cal. App.—6

diction of the original action may in particular cases order the issuance of an execution. There is no authority for the superior court to order an execution out of a judgment rendered by a justice of the peace. Section 901 of the Code of Civil Procedure restricts the authority in that regard to the justice who rendered the judgment, or to his successor in office; and were it conceded that under section 925 of the Code of Civil Procedure, the provisions of section 685 are applicable to judgments before a justice of the peace and under which such justice might order execution after five years, the complaint under consideration involves no such question. The right to base an independent action upon a judgment barred by the provisions of section 336 of the Code of Civil Procedure is alone presented, and the complaint upon its face showing that such judgments are barred, the same is insufficient when such question is raised by a special demurrer upon that ground.

Judgment affirmed.

Gray, P. J., and Smith, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 10, 1906.